1  KENNETH R. MAGUIRE, ESQ., *Pro Hac Vice*, pending
   KEN MAGUIRE & ASSOCIATES, PLLC
2  3366 Park Avenue
   Wantagh, New York 11793
3  (516) 228-8400

4  RICHARD I. DREITZER, ESQ., SBN: 6626
   WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
5  300 S. Fourth Street, 11th Floor
   Las Vegas, Nevada 89117
6  Tel: 702.727.1400/Fax: 702.727.1401
   richard.dreitzer@wilsonelser.com
7  *Attorneys for Seneca Insurance Company, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SENECA INSURANCE COMPANY, INC. | CASE NO: 3:18-cv-00087-MMD-WGC |
| Plaintiff, | |
| v. | **JOINT MOTION TO STAY CASE PENDING CONCLUSION OF PARALLEL LITIGATION** |
| ALPINE INSURANCE ASSOCIATES, INC. and DOES I-X, inclusive. | |
| Defendants. | |

Plaintiff, in the above-captioned action, SENECA INSURANCE COMPANY, INC. ("SENECA" or "PLAINTIFF"), by and through its counsel of record, Kenneth R. Maguire, Esq. of the law firm of Ken Maguire & Associates, PLLC and Richard I. Dreitzer, Esq. of the law firm of Wilson Elser Moskowitz Edelman & Dicker, LLP, and Defendant, in the above-captioned action, ALPINE INSURANCE ASSOCIATES, INC. ("ALPINE" or "DEFENDANT"), by and through its counsel of record, Stephen C. Balkenbush, Esq. of Thorndal Armstrong Delk Balkenbush & Eisinger, hereby move this Court to stay the proceedings in this matter pending the conclusion of parallel litigation which could impact the respective positions of SENECA and ALPINE, thereafter.

////

////

////

////

////

1333451v.1

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  Introduction**

SENECA commenced this action on February 27, 2018 against ALPINE, seeking declaratory relief and seeking express indemnity from ALPINE (SENECA'S Agent and Insurance Broker) for sums that SENECA contends it was compelled to incur under a Commercial Property Insurance policy (the "POLICY") issued to another entity, STRANGE LAND, INC. ("STRANGE LAND"), and STRANGE LAND'S mortgage-holder, U.S. BANK, N.A. ("U.S. BANK") (ECF No. 1, pgs. 10-14.)  ALPINE was served with the instant Complaint on March 14, 2018 (ECF No. 13.)

SENECA contends that the actions / inactions of ALPINE caused SENECA to (1) issue a policy to STRANGE LAND that it never would have provided otherwise, (2) litigate and resolve legal actions it would never have been involved in, and (3) incur legal fees related to these actions, as a consequence of inaccurate application information that ALPINE had forwarded to SENECA, and upon which SENECA had relied to its detriment.  ALPINE disputes each of these contentions.

SENECA and STRANGE LAND are presently involved in litigation in this very court, in the matter of *Seneca Insurance Company, Inc. v. Strange Land, Inc., et al.*, Case No. 3:14-cv-00381-WGC ("PARALLEL LITIGATION".)  Within the PARALLEL LITIGATION, SENECA and STRANGE LAND are litigating SENECA'S decisions to rescind the POLICY as well as deny multiple claims by STRANGE LAND under said POLICY, with SENECA claiming that STRANGE LAND had committed fraud in both the underwriting and claims processes. STRANGE LAND accuses SENECA of operating in bad faith and has made this the subject of the PARALLEL LITIGATION, as well.

Presently, SENECA and STRANGE LAND are in the dispositive motion phase of the PARALLEL LITIGATION, with SENECA'S Reply in Support of Motion for Summary Judgment having been filed on June 4, 2018 (PARALLEL LITIGATION, ECF Nos. 139 and 145.)  As is presented in SENECA'S instant Complaint, the extent and character of SENECA'S indemnity and declaratory relief cause(s) of action against ALPINE are directly related to the resolution of the PARALLEL LITIGATION, regardless of how that matter is ultimately resolved.

1333451v.1

Thus, SENECA and ALPINE have agreed to bring the instant Motion seeking to stay the proceedings, including any obligation or ability of either party to conduct discovery, until such time as the PARALLEL LITIGATION is brought to conclusion and both parties may assess their respective positions on the issue of indemnity. The tolling of the dates and deadlines in this proceeding until the PARALLEL LITIGATION is resolved, will allow the parties an opportunity to consider their positions in light of the ultimate conclusion of the PARALLEL LITIGATION, conserving resources for all concerned, including the Court, to the fullest extent possible.

For these reasons, and in order to spare the Court the confusion and expense of judicial resources on what would be improperly sequenced litigation, SENECA and ALPINE both believe that a stay of these proceedings is appropriate until the PARALLEL LITIGATION is concluded.

## II. Argument

This Court has the inherent authority to stay proceedings before it. ("A court's power to stay proceedings is incidental to the inherent power to control the disposition of its cases in the interests of efficiency and fairness to the court, counsel, and litigants…") See, *Mendez v. Optio Solutions, LLC*, 239 F. Supp.3d 1229, 1232 (2017), (citing, *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1057 (S.D. Cal. 2007).

*Mendez* further teaches that:

> ***A stay may be granted pending the outcome of other legal proceedings related to the case in the interests of judicial economy.*** *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). Discretion to stay a case is appropriately exercised when the resolution of another matter will have a ***direct impact on the issues before the court, thereby substantially simplifying the issues presented***. See *Mediterranean Enters. v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir. 1983); *San Diego Padres Baseball P'ship v. U.S.*, Case No. 99CV0828, 2001 WL 710601, at *1 (S.D. Cal. May 10, 2001).

////

////

////

////

////

1333451v.1

> In determining whether a stay is appropriate, a district court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55, 57 S.Ct. 163. These ***competing interests include the possible damage resulting from granting a stay, the hardship or inequity a party may suffer if required to go forward, and the simplifying or complicating of issues, proof, and questions of law that could result from a stay***. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55, 57 S.Ct. 163). "If there is even a fair possibility that the stay will work damage to someone else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quotation omitted). "A stay should not be granted unless it appears likely the other proceedings will be conducted within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva*, 593 F.2d at 864.

*Mendez,* 239 F. Supp.3d at 1232 (2017)(emphasis added.)

In light of the foregoing *Mendez* factors, SENECA and ALPINE both agree that the imposition of a stay of these proceedings is appropriate at this time since neither SENECA nor ALPINE can see any reason why this action should proceed simultaneously with the PARALLEL LITIGATION.

A stay of these proceedings at this juncture in this matter simply preserves the status quo and minimizes the expense of the parties' resources and those of the Court until the PARALLEL LITIGATION is concluded. <u>See</u>, *Mediterranean Enters. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983)(temporary stay of proceedings applicable to preserve judicial efficiency and fairness.) Lastly, to address another consideration raised in *Mendez*, the amount of time contemplated for the requested stay is not endless. As has been shown, the PARALLEL LITIGATION is proceeding through dispositive motions at this time, with a trial to be scheduled and conducted soon thereafter. Thus, the instant action will not languish, given that the PARALLEL LITIGATION is nearly concluded.

////

////

////

////

////

1333451v.1

### III. Conclusion

WHEREFORE, for the foregoing reasons, SENECA and ALPINE, parties to the above-captioned action respectfully request that the Court enter an order directing that (1) this action is stayed pending the conclusion of the PARALLEL LITIGATION between SENECA and STRANGE LAND and (2) the parties shall notify the Court within ten (10) days of its conclusion.

Dated this 21st day of June, 2018  
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

BY: */s/ Richard I. Dreitzer*  
Richard I. Dreitzer, Esq. (NVB #6626)  
300 South Fourth St., 11th Floor  
Las Vegas, NV 89101  
Attorneys for Seneca Insurance Company Inc.

Dated this 21st day of June, 2018  
THORNDAL ARMSTRONG DELK BALKENBUSH & EISINGER

BY: */s/ Stephen C. Balkenbush*  
Stephen C. Balkenbush, Esq. (NVB #1814)  
6590 S. McCarran Blvd, Suite B  
Reno, NV 89509  
Attorneys for Alpine Insurance Associates Inc.

### ORDER

Good cause appearing, IT IS SO ORDERED. The above-captioned matter is stayed, pending the resolution of the matter of *Seneca Insurance Company, Inc. v. Strange Land, Inc., et al.*, Case No. 3:14-cv-00381-WGC. The parties are ordered to file a status report on or before December 20, 2018

Dated this 21st day of June, 2018.

BY: _____  
UNITED STATES DISTRICT COURT JUDGE

1333451v.1