# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SENECA INSURANCE COMPANY, INC.,

Plaintiff

v.

ALPINE INSURANCE ASSOCIATES, INC.,

Defendant

Case No.: 3:18-cv-00087-MMD-WGC

**Order**

Re: ECF No. 39

Before the court is Plaintiff Seneca Insurance Company's ("Seneca") Motion to Amend its Complaint (ECF No. 1) against Defendant Alpine Insurance Associates ("Alpine"). (ECF No. 39). The court heard oral arguments on Seneca's Motion on June 23, 2021. For the reasons set forth below, Seneca's Motion to Amend is **granted in part** and **denied in part**. The court will grant Seneca leave to amend its complaint in a manner consistent with this order.

I.   BACKGROUND

On February 27, 2018, Seneca filed a complaint against Alpine, Seneca's agent and insurance broker. (ECF No. 1). Seneca alleged that Alpine caused it to make payments to or on behalf of Seneca's former insured, Strange Land, Inc. ("Strange Land"), under a Commercial Property Insurance policy, which it would not have issued absent Alpine's actions and/or omissions. (*Id.,* 1: 24-28). On June 21, 2018, the parties filed a Joint Motion to Stay because Seneca and Strange Land were in the dispositive motion phase of parallel litigation. (ECF No. 17). Both parties agreed that Seneca's claims against Alpine would be impacted by the

resolution of *Seneca Insurance Company, Inc. v. Strange Land, Inc.*, et al., Case No. 3:14-cv-00381-WGC. Chief District Judge Miranda M. Du granted the motion and stayed proceedings. (ECF No. 18).

On November 16, 2018, this court granted Seneca's Motion for Summary Judgment against Strange Land. (Case No. 3:14-cv-00381-WGC, ECF No. 152). This court held that Seneca was entitled to rescind the property insurance policy because Strange Land made "a material misrepresentation in its application for the policy when it failed to disclose it had a prior insurance policy cancelled for non-payment of premium." (*Id.*, 2: 3-6). In addition, the Order read, "Strange Land concedes that Ryan Garaventa [of Alpine] was aware of the cancellation issue when he tried to secure coverage to replace the cancelled policy for Strange Land." (*Id.*, 7: 16-17).

While this court's 2018 order on Seneca's Motion for Summary Judgement effectively resolved the parallel case between Seneca and Strange Land, additional unresolved litigation remained. An order from the Second Judicial District Court in Washoe County ("State Case") dismissed Seneca's indemnity claims against Alpine. *Belfor USA Group, Inc., et al. v. Strange Land, Inc.*, Case No. 14-02181. Seneca appealed the State Court decision to the Nevada Supreme Court. (ECF No. 39, 5: 5-6).

On April 24, 2019, Seneca filed a Joint Status Report in this matter, and both parties asked the court to stay proceedings again pending the State Case appeal. (ECF No. 21). Judge Du approved the Joint Status Report but directed the parties to file a report on the State Case appeal no later than October 28, 2019, or upon resolution of the appeal. (ECF No. 24). The Nevada Supreme Court issued an "Order of Reversal and Remand" on June 24, 2020, and allowed

Seneca to pursue its indemnity claims against Alpine. (*Id.,* 5: 10-11). The parties notified the court of this development (ECF No. 25), and the stay was lifted on October 30, 2020. (ECF No. 28). This court entered a Scheduling Order and required Alpine to provide an answer to Seneca's Complaint. (*Id*). Alpine filed its answer to Seneca's 2018 Complaint on November 13, 2020. (ECF No. 30). In December 2020, this court established revised discovery deadlines, but due to difficulties securing discovery responses, the court agreed to extend all pertinent deadlines (including amendment of pleadings in this matter to June 21, 2021.) (ECF No. 38, p. 5).

On May 12, 2021, Seneca filed a motion to amend its 2018 complaint to add causes of action for equitable indemnity, negligence, breach of contract, fraud, and breach of fiduciary duty against Alpine. (ECF No. 39). Pursuant to Local Rule 15-1, Seneca attached a "Proposed Amended Pleading" to its Motion. (ECF No. 39-1). Seneca alleged that subsequent to the filing of its initial complaint, its "understanding of Alpine's role in the events in question has deepened dramatically." (ECF No. 39, 6: 18-19). Seneca argued that in the Strange Land litigation, this court concluded that Alpine "was an active participant in the effort to deceive Seneca and create insurance coverage for Strange Land which Seneca would have never offered otherwise." (*Id.,* 6: 25-27).

Alpine filed its opposition on June 4, 2021, and stated that Seneca's proposed amendments were futile. (ECF No. 42). Specifically, Alpine asserted that the amendments would be futile because (1) the statute of limitations barred Seneca's fraud, negligence, and breach of fiduciary duty claims, (2) Nevada law does not allow Equitable and Express Indemnity Claims to coexist and (3) the Good Faith Settlement Agreement between Alpine and Strange Land

precluded all of Seneca's proposed amendments. (*Id.,* pgs. 2-3). Seneca filed its Reply on June 11, 2021 (ECF No. 44); Errata June 16, 2021 (ECF No. 45).

Prior to Oral Argument on June 23, 2021, Alpine submitted "Supplemental Documents to Aid the Court in Its Analysis of Certain Issues Raised in Seneca's Reply Brief in Support of Its Motion for Leave to File First Amended Complaint." (ECF No. 46, June 21, 2021). This court construed Alpine's filing as a surreply, which requires a request for leave of court pursuant to LR 7-2(b). Although Alpine did not first seek leave of court to file its surreply, this court nevertheless considered Alpine's supplemental documents in this decision.

## II. LEGAL STANDARD

**A. Courts Liberally Grant Motions to Amend.**

An amended pleading supersedes the original. *Valadez-Lopez v. Chertoff,* 656 F.3d 851, 857 (9th Cir. 2011). Claims not realleged in the amended complaint are deemed waived. *London v. Coopers & Lyabrand,* 644 F.2d 811, 814 (9th Cir. 1981). The court should freely give leave [to amend] when justice so requires. Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has stated that there is a "presumption" under Rule 15(a) in favor of granting leave to amend. *Bancroft Life & Cas. ICC, Ltd. v. FFD Res. IV, Inc.*, No. 3:11-CV-00214-LRH-WGC (D. Nev. Jan. 4, 2012) (citing *Eminence Capital LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051-1052 (9th Cir. 2003)). The policy favoring amendment should be applied with "extreme liberality." *Price v. Kramer,* 200 F.3d 1237, 1250 (9th Cir. 2000). The burden is on the opposing party to demonstrate why the amendment should not be granted. *Foman v. Davis,* 371 U.S. 178, 182 (1962).

**B. The Four *Foman* Factors**

The Court may deny a motion to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Not all the factors merit equal weight. *Eminence Capital,* 316 F.3d 1048, 1052. As the Ninth Circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weigh. *Id.* Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Id.*

**C. The Rule 12(b)(6) Pleading Standard Applies to Motions to Amend**

Futility "can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Leave to amend should be denied as futile "only if no set of facts can be proven under the amendment to the pleadings that would constitute a valid and sufficient claim." *Barahona v. Union Pac. R.R.*, 881 F.3d 1122, 1134 (9th Cir. 2018). (quoting *Sweaney v. Ada County,* 119 F.3d 1385, 1393 (9th Cir. 1997)). A plaintiff is not required to produce evidence supporting the amended complaint at the pleading stage; rather an amended complaint must plead facts sufficient to plausibly state a claim. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citation omitted) (stating that standard for considering whether amendment would be futile is the same standard used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)). The test to be applied to determine "legal

sufficiency" (i.e., futility) of a proposed amendment is the same standard used when "considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Bancroft,* No. 3:11-CV-00214-LRH-WGC, at p. 5. (citing *Rykoff-Sexton, supra,* at 214). A proposed amendment would not be considered futile if questions of fact need to be resolved in determining whether an actionable claim exists. *Id.* (citing *Rykoff-Sexton, supra,* at 214).

### III. DISCUSSION

The court **grants Seneca's Motion to Amend in part** and allows it to add causes of action for negligence, breach of contract, fraud, and breach of fiduciary duty because they are timely made, in good faith, are not futile and because, as noted below in paragraph (c), an extension of the discovery deadline will eliminate any prejudice to Alpine.

The court **denies Seneca's Motion to Amend in part** and will not permit Seneca to add an Equitable Indemnity cause of action because Nevada case law holds that Equitable Indemnity Claims cannot coexist alongside Express Indemnity Claims.

**A. Seneca's Motion to Amend is Timely.**

Due to the multiple stays issued in this case and difficulties in securing discovery responses, this court extended the deadline to file motions to amend pleadings to June 21, 2021. (ECF No. 38, pg. 5). Seneca made its motion to amend its complaint on May 12, 2021. (ECF No. 39). The court finds that Seneca's Motion to Amend is timely.

**B. Seneca Made Its Motion to Amend in Good Faith.**

Alpine provided no showing that Seneca made its Motion to Amend in bad faith. Due to the changing circumstances and developments since the 2018 Stay, the court finds that Seneca had no dilatory motive in its Motion to Amend and has sought leave to amend in good faith.

**C. Granting Seneca Leave to Amend Will Not Prejudice Alpine.**

In its Opposition to Seneca's Motion to Amend (ECF No. 42), Alpine does not assert how it would be prejudiced if this court granted Seneca leave to amend. In addition, this court concurs with Seneca's argument that Alpine will not be unduly prejudiced. As discussed *infra*, the parties will be directed to submit new case management deadlines. Alpine should have sufficient time to prepare, investigate, and defend against the additional causes of action Seneca proposed. The court finds that granting Seneca's Motion to Amend will not prejudice Alpine.

**D. Futility**

> **i. Seneca's Proposed Negligence, Fraud, and Breach of Fiduciary Duty Claims Are Not Futile Because They Are Based on Disputed Issues of Fact That May Not be Decided Upon in a Motion to Amend.**

Alpine argued that Seneca's proposed negligence, fraud, and breach of fiduciary duty causes of actions are futile because they are barred by the statute of limitations. (ECF No. 42, 4). Alpine stated that Seneca learned of Alpine's alleged wrongdoing on July 18, 2014. (*Id.,* 4: 6-7). Alpine contended that Seneca had to file its negligence claim by July 18, 2016, (two years, NRS 11.190(4)(e)) and its fraud and breach of fiduciary duty claim by July 18, 2017, (three years, NRS 11.190(3)(d)). (ECF No. 42, 5: 8-11). Alpine alleged that, as a result, the negligence, fraud, and breach of fiduciary duty statute of limitations expired before Seneca filed its original complaint on February 27, 2018. (*Id.*, 4: 25-28). However, Seneca alleged that it only learned of Alpine's purported role in mid-2016 during the Strange Land litigation. (Pl.'s Reply, ECF No. 44 at p. 6). If accepted as true, Seneca filed its February 27, 2018 Complaint within the statute of limitations period.

The burden of establishing futility rests upon the party opposing the amendment. *Bancroft,* No. 3:11-CV-00214-LRH-WGC, at p. 4 (citing *DCD Programs, Ltd., v. Leighton,* 833 F.2d 183, 187 (9th Cir. 1987); *O'Shea v. Epson America,* 2010 WL 4035267, *2 (C.D. Cal. 2010). In considering Seneca's proposed amendment, this court will utilize the Ninth Circuit's standard and analyze the legal sufficiency under Rule 12(b)(6). In *Rykoff-Sexton,* the Ninth Circuit held that a proposed amendment would not be considered futile if questions of fact needed to be resolved in determining whether an actionable claim existed. *Rykoff-Sexton,* 845 F.2d 209, 214. Alpine and Seneca's differing arguments of when Seneca had knowledge of Alpine's alleged conduct present a genuine question of fact. As such, the court is not able to deny Seneca's Motion to Amend on that basis. *See e.g., Rykoff-Sexton, supra, 214* (holding that claims based on disputed issues of fact may not be decided upon a motion for leave to amend). *See also Bogor v. American Pony, Inc.,* 2010 WL 3239387, 2-3 (D. Ariz. 2010) (rejecting "futility arguments" where the Court could not say "with certainty" that plaintiff will not be able to offer any facts supporting a valid claim). Here, the court cannot say "with certainty" that Seneca could not offer any facts supporting its position that the proposed causes of action are not barred by the statute of limitations.

The court finds that amending Seneca's complaint to asserts claims of negligence, fraud, and breach of fiduciary duty claims would not be futile. The court grants Seneca leave to amend its complaint and add the proposed causes of action.

    **ii. The Good Faith Settlement Agreement Between Alpine and Strange Land Does Not Preclude The Proposed Amendments to Seneca's Complaint.**

Alpine argued that the Good Faith Settlement Agreement ("GFSA") between Alpine and Strange Land on March 13, 2017, precludes Seneca from adding claims to its complaint.

8

(ECF No. 42, 6-7). Alpine referenced an April 2017 Joint Stipulation, signed by Seneca, where Alpine stipulated that the GFSA between itself and Strange Land would not impact any indemnity claim by Seneca. (*Id.,* 7: 3-5). Alpine contended that although Seneca could proceed with a future contractual indemnity claim, the stipulation "did not involve any additional claims which might be alleged by Seneca." (*Id.,* 7: 5-6). Alpine cited NRS 17.245(1)(b) and *Otak Nevada, LLC v. Eighth Judicial District Court*, 129 Nev. 799, 312 P.3d 491 (2013), which held "once a trial court determines that a defendant has settled in good faith, NRS 17.245(1)(b) bars all claims against the settling defendant that in effect seek contribution and equitable indemnity, regardless of the claim's title." (*Id.* at p. 809). However, NRS 17.245(1) reads:

> *When a release or a covenant not to sue is given in good faith to one of two or more **persons liable in tort for the same injury**, it discharges the tortfeasor to whom it is given from all liability for contribution and for equitable indemnity **to any other tortfeasor**.* NRS 17.245(1)(b).

Seneca was not a party to the GFSA between Alpine and Strange Land. In addition, this court's Order on Seneca's Motion for Summary Judgment determined that Seneca was *not* a tortfeasor and was *not* legally liable to Strange Land (emphasis added). (Case No. 3:14-cv-00381-WGC, ECF No. 152). Therefore, the GFSA between Alpine and Strange Land does not preclude Seneca's negligence, fraud, breach of fiduciary duty, breach of contract, and declaratory relief claims against Alpine. The court declines to find Seneca's proposed cause of actions futile on these grounds.

/ / /

/ / /

/ / /

/ / /

/ /

9

### iii. The Court Will Not Grant Seneca Leave to Add an Equitable Indemnity Cause of Action Because Nevada Case Law Does Not Allow Equitable And Express Indemnity Claims to Coexist.

In addition to its negligence, fraud, breach of fiduciary duty, and breach of contract claims, Seneca also moved to add an equitable indemnity claim. (ECF No. 39-1, 13). The proposed amended complaint retained the original cause of action for express indemnity. (ECF No. 39-1 at p. 11). In its Opposition, Alpine argued that Nevada law bars Equitable Indemnity Claims when an Express Indemnity Agreement exists. (ECF No. 42, 5-6). Alpine cited *Calloway v. City of Reno*, 939 P.2d 1020, 113 Nev. 564 (Nev. 1997) (opinion withdrawn on other grounds, 114 Nev. 1157); subsequently revised by opinion, 993 P.2d 1259, 116 Nev. 250, (2000), which held, "implied indemnity theories are not viable in the face of express indemnity agreements." *Calloway,* 939 P.2d 1020, 1029. The Court in *Calloway* further stated, "when parties affirmatively deal with the question of indemnity in a written contract, it is fair to conclude that they intended what was expressed in their agreement, not that some common law rule should govern their rights and liabilities. *Id.* (citing *Booth-Kelly Lumber Co. v. Southern Pacific Co.* 183 F.2d 902, 906-907 (9th Cir. 1950)).

Seneca's Reply stated that "the essence of *Calloway* hinges on the idea that the parties previously entered into an agreement which contained the indemnity expectations of both parties." (ECF No. 44, 8: 25-26). Seneca argued that *Calloway* does not apply to this case because "Alpine is accused of intentional, fraudulent misconduct – behaviors that could very well fall outside of what the parties contemplated at the time they entered into the Agreement." (*Id.,* 9: 1-2). However, Seneca does not cite authority to support this argument. As such, the court finds the first opinion in *Calloway* to be instructive and binding on this matter. *Calloway* clearly

held that Nevada law does not allow equitable indemnity and express indemnity claims to coexist. *Calloway,* 939 P.2d 1020, 1029. Because Seneca and Alpine entered into an express indemnity agreement, "it is fair to conclude that they intended what was expressed in their agreement." *Booth-Kelly Lumber,* 183 F.2d 902, 906-907. As a result, an implied agreement should not govern their rights and liabilities. The court **denies Seneca's equitable indemnity claim** because Nevada law bars equitable indemnity claims in the face of express indemnity agreements.

IV.     **CONCLUSION**

IT IS THEREFORE ORDERED that the Motion to Amend (ECF No. 39) is **granted in part** and **denied in part.** As discussed above, the court should freely give leave to amend when justice so requires. There is a "presumption" under Rule 15(a) in favor of granting leave to amend and the policy favoring amendment should be applied with "extreme liberality." The burden is on Alpine to demonstrate why the amendment should not be granted.

Therefore, the court grants Seneca leave to amend and add causes of action for negligence, breach of contract, fraud, and breach of fiduciary duty. However, the court denies Seneca's equitable indemnity claim because it cannot exist alongside its express indemnity claim. Seneca's Amended Complaint shall be filed on or before June 30, 2021; Alpine's Answer shall be filed within fourteen days after the filing of the First Amended Complaint. After the filing of Alpine's Answer to the First Amended Complaint, counsel for the parties shall meet and confer and submit to the court an amended scheduling order setting forth deadlines for completion of discovery, the submission of dispositive motions, and the joint pretrial order.

**IT IS SO ORDERED**.

Dated: June 25, 2021

                                                                         _____
                                                                         William G. Cobb
                                                                         United States Magistrate Judge